UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 22-cv-22901-JEM/Becerra

4539 PINETREE LLC,

      Plaintiff

v.

CERTAIN UNDERWRITERS AT LLOYD'S LONDON,
Subscribing to policy B1180D160620/100NC

      Defendant.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND EXPENSES**

**THIS CAUSE** came before the Court on Defendant Certain Underwriters at Lloyd's London Subscribing to Policy B1180D160620/100NC's ("Underwriters") Motion for Attorneys' Fees and Expenses.[1]  ECF No. [10].  Plaintiff 4539 Pinetree LLC filed a response to the Motion, and Defendant filed a reply.  ECF Nos. [11], [12].  Upon due consideration of the Motion, the applicable law, and being otherwise fully advised in the premises, it is hereby **RECOMMENDED** that the Motion be **DENIED WITHOUT PREJUDICE**.

This action represents the second time that Plaintiff has sued Defendant for breach of contract seeking to recover under a property insurance policy for damage that allegedly occurred during Hurricane Irma.  Plaintiff's prior lawsuit against Defendant was assigned to the Honorable Beth Bloom, *4539 Pinetree LLC v. Underwriters*, Case No. 21-cv-21010-BLOOM/Otazo-Reyes (the "Prior Action").  In response to Defendant's Motion for Summary Judgment filed in the Prior

---

[1] This matter was referred to the undersigned by the Honorable Jose E. Martinez, United States District Judge.  ECF No. [14].

1

Action, Plaintiff moved to voluntarily dismiss its lawsuit without prejudice under Federal Rule of Civil Procedure 41(a)(2), which Judge Bloom granted on February 1, 2022.  *See* Case No. 21-cv-21010 at ECF Nos. [32], [33].  Defendant then filed a Motion for Attorneys' Fees and Expenses, *id*. at ECF No. [34], which Judge Bloom granted in part and denied in part on August 10, 2022. *Id*. at ECF No. [41].  Specifically, Judge Bloom ordered Plaintiff to "pay Defendant's reasonable fees and costs incurred in this litigation should Plaintiff re-file the action, with the amount to be determined at that time." *Id*. at ECF No. [41].

One month later, on September 12, 2022, Plaintiff re-filed its Complaint, which constitutes the instant action.  ECF No. [1].  Defendant has now filed the instant Motion seeking to "compel Plaintiff to pay Underwriters' fees in defending this lawsuit to date, per [Judge Bloom's] August 10, 2022 Order.  ECF No. [10] at 2.  Plaintiff "does not dispute that [Judge Bloom's] Order requires Plaintiff to pay Defendant's reasonable fees and costs incurred when the action was refiled."  ECF No. [11] at 3.  Nevertheless, as explained below, the instant Motion is premature.

As a preliminary matter, what Defendant is entitled to are those attorneys' fees and costs that relate to the Prior Action that did not contribute to this action. "Courts have held that attorneys' fees [under Rule 41] are only recoverable where such fees were not helpful in the secondary suit." *USA Ent. Grp, Inc. v. City of Pompano Beach*, No. 18-cv-62740, 2019 WL 498743 at *2 (S.D. Fla. Feb. 8, 2019) (citing *Esquivel v. Arau*, 913 F. Supp. 1382, 1392 (C.D. Cal. 1996)) (holding that the "defendants are entitled to both expenses and attorneys' fees that are reasonably incurred and will not contribute toward the defendants' defense in the present case.); *Zucker v. Katz*, 1990 WL 20171, at *2 (S.D.N.Y. 1990) ("Costs for work product which can be used in a subsequent litigation is not recoverable under Rule 41(d)."); *Simeone v. First Bank Nat'l Ass'n*, 125 F.R.D. 150, 155 (D. Minn. 1989) ("A defendant making a motion for an award of costs pursuant to Rule 41(d) is not entitled to reimbursement for expenses incurred in preparing work product that will

2

be useful in the continuing litigation."). Because this action is ongoing, the Court cannot determine what portion of the work, if any, that counsel for Defendant performed in the Prior Action also contributed to its defense in *this* action. Indeed, Defendant declines to file its timesheets given the pendency of the case.[2]

For these reasons, the Court "will be in the best position to determine an award regarding the Defendant's attorneys' fees [under Rule 41] upon the resolution of the instant [action]." *USA Ent. Grp. Inc.*, 2019 WL 498743 at *2; *see also Rodriguez v. Western World Ins. Co.*, No. 21-20032-CIV, 2021 WL 2666995, at *3 (S.D. Fla. May 11, 2021) (finding that determination of attorneys' fees under Rule 41 "would be premature now" where second action was still pending), *report and recommendation* adopted, No. 21-20032-CIV, 2021 WL 2661287 (S.D. Fla. June 29, 2021); *Neelu Aviation*, 2019 WL 7188562 at *3 ("The Court will be in the best position to determine an award [under Rule 41] regarding the attorneys' fees upon the complete resolution of the instant action."); *Brigati v. Worcester Polytechnic Inst.*, No. 21-14098-CV, 2021 WL 5088732 at *5 (S.D. Fla. Oct. 19, 2021) (recommending that "[u]pon the conclusion of this action, Defendants should be permitted to file an appropriate motion to determine the amount of reasonable attorney's fees and cost for work conducted in [prior action] that was not useful in the present litigation."), *report and recommendation adopted*, No. 21-14098-CV, 2021 WL 5085418 (S.D. Fla. Nov. 2, 2021).

---

[2] Defendant proposes to submit its billing records for *in camera* review. Defendant contends that such procedure is warranted because "Plaintiff should not get the advantage of seeing Underwriters' attorney-client and work product…." ECF No. [12] at 1. However, Defendant's suggested approach leaves Plaintiff unable to assert objections to the reasonableness of defense counsel's time entries, and conflicts with the extensive procedure outlined in Local Rule 7.3 and the conferral process required therein. As such, the Court declines to proceed in that fashion.

Accordingly, it is hereby **RECOMMENDED** that Defendant's Motion for Attorneys' Fees and Expenses, ECF No. [10], be **DENIED WITHOUT PREJUDICE**.

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Court within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. The undersigned has shortened the objection period because the Defendant has not made any appearance in this lawsuit. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on July 18, 2023.

_____
**JACQUELINE BECERRA**
**United States Magistrate Judge**