**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 1:22cv22901-JEM**

4539 PINETREE LLC,

    Plaintiff,

vs.

CERTAIN UNDERWRITERS AT
LLOYD'S LONDON Subscribing to
policy B1180D160620/100NC,

    Defendant.

_____/

**<u>CERTAIN UNDERWRITERS AT LLOYD'S, LONDON
SUBSCRIBING TO POLICY NO. B1180D160620/100NC'S
STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT</u>**

Certain Underwriters At Lloyd's, London Subscribing to Policy No. B1180D160620/100NC ("Underwriters") file this Statement of Material Facts in support of its Motion for Summary Judgment against Plaintiff 4539 Pinetree LLC ("Pinetree"), showing the Court as follows:

**<u>STATEMENT OF UNDISPUTED MATERIAL FACTS</u>**

1.    Underwriters subscribed to Certificate No. B1180D160620/100NC, which was issued to Pinetree for the period October 14, 2016, to October 14, 2017 (the "Policy"). Complaint. Ex. 1, ECF 1-1, 8-10 of 87.

2.    The Policy provided certain property coverage for a home located at 4539 Pine Tree Drive, Miami Beach, Florida 33140 (the "Property"), subject to its terms, conditions, and exclusions. *Id*.

3.	The Policy provides a $2,000,000 limit of insurance for the Property's dwelling, a $230,790 limit of insurance for Other Structures, and a $600,000 limit of insurance for Personal Property. *Id.*

4.	The Policy includes a windstorm or hail deductible that equates to 5% of the limits of insurance, or $100,000. *Id.*

5.	The Policy only provides coverage for direct physical loss or damage that occurs during the Policy period. *Id.*, at HO 00 03 05 11, 22 of 24.

6.	The Policy's Valuation provision provides in the event of a covered loss:

**D. Loss Settlement**

In this Condition **D.**, the terms "cost to repair or replace" and "replacement cost" do not include the increased costs incurred to comply with the enforcement of any ordinance or law, except to the extent that coverage for these increased costs is provided in **E.11.** Ordinance Or Law under Section **I** – Property Coverages. Covered property losses are settled as follows:

> \*\*\*
> **2.**	Buildings covered under Coverage **A** or **B** at replacement cost without deduction for depreciation, subject to the following:
>
>> **a.**	If, at the time of loss, the amount of insurance in this policy on the damaged building is 80% or more of the full replacement cost of the building immediately before the loss, we will pay the cost to repair or replace, without deduction for depreciation, but not more than the least of the following amounts:
>>
>>> **(1)**	The limit of liability under this policy that applies to the building;
>>> **(2)**	The replacement cost of that part of the building damaged with material of like kind and quality and for like use; or
>>> **(3)**	The necessary amount actually spent to repair or replace the damaged building. If the building is rebuilt at a new premises, the cost described in **(2)** above is limited to the cost which would have been incurred if the building had been built at the original premises.
>
> \*\*\*

      **d.**      We will pay no more than the actual cash value of the damage until actual repair or replacement is complete. Once actual repair or replacement is complete, we will settle the loss as noted in **2.a.** and **b.** above.

      **\*\*\***

      **e.**      You may disregard the replacement cost loss settlement provisions and make claim under this policy for loss to buildings on an actual cash value basis. You may then make claim for any additional liability according to the provisions of this Condition **D.** Loss Settlement, provided you notify us, within 180 days after the date of loss, of your intent to repair or replace the damaged building.

*Id.* at HO 00 033 05 11, 14-15 of 24.

    7.    The Policy generally provides "all risk" coverage, subject to the Policy's terms, conditions, and exclusions. *Id.* at HO 00 03 05 11, 9 of 24.

    8.    The Policy imposes certain duties on the insured following a loss. The Policy states:

**SECTION I – CONDITIONS**

**C.**    **Duties After Loss**

In case of a loss to covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you, an "insured" seeking coverage, or a representative of either:

1.    Give prompt notice to us or our agent;
2.    Notify the policy in case of loss by theft;
           \*\*\*
4.    Protect the property from further damage. If repairs to the property are required, you must:
    a.    Make reasonable and necessary repairs to protect the property; and
    b.    Keep an accurate record of repair expenses;
5.    Cooperate with us in the investigation of a claim;
6.    Prepare an inventory of damaged personal property showing the quantity, description, actual cash value and amount of loss. Attach all bills, receipts and related documents that justify the figures in the inventory;

7. As often as we reasonably require:
   a. Show the damaged property;
   b. Provide us with records and documents we request and permit us to make copies; and
   c. Submit to an examination under oath, while not in the presence of another "insured", and sign the same;
8. Send to us, within 60 days after our request, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:
   a. The time and cause of loss;
   b. The interests of all "insureds" and all others in the property involved and all liens on the property;
   c. Other insurance which may cover the loss;
   d. Changes in title or occupancy of the property during the term of the policy;
   e. Specifications of damaged buildings and detailed repair estimates;
   f. The inventory of damaged personal property described in **6.** above;
   g. Receipts for additional living expenses incurred and records that support the fair rental value loss…

\*\*\*

H. **Suit Against Us**

No action can be brought against us unless there has been full compliance with all of the terms under Section I of this policy and the action is started within two years after the date of loss.

*Id*., at HO 00 03 05 11, 14, 16 of 24.

9. Following Hurricane Irma, 4539 Pinetree submitted a claim for damages it claimed were caused by the storm in the summer of 2018. Eli Boymelgreen Dep. at 34:15-35:7. A true and correct copy of Eli Boymelgreen's deposition transcript is attached as Exhibit A.

10. Underwriters investigated the claim and sent Pinetree a letter dated November 8, 2018, advising that Underwriters' investigation determined that the covered wind damage to the insured property sustained during Hurricane Irma was below the Policy's $100,000 windstorm

deductible. *See* Underwriters' Coverage Letter dated November 8, 2018, true and correct copy is attached hereto as Exhibit B; Ex. A, Eli Boymelgreen, Dep. at 56:2-56:11.

11.     On April 8, 2020, a year and a half later, Pinetree's public adjuster sent a letter to Underwriters submitting a "Supplemental Claim" in the amount of $618,405.54. *See* Stellar Public Adjusting Services' ("Stellar") Supplemental Request letter, a true and correct copy of Stellar's Supplemental Request letter is attached as Exhibit C; Ex. B, Eli Boymelgreen, Dep. at 47:24-48:4.

12.     In response to Pinetree's Supplemental Claim, Underwriters requested additional documentation and requested Pinetree's representative's examination under oath on July 8, 2020 ("EUO"). *See* Underwriter's EUO letter, a true and correct copy of Underwriters' EUO letter dated July 8, 2020, is attached as Exhibit D; Ex. B, Eli Boymelgreen, Dep. at 49:2-50:10.

13.     Pinetree's Corporate Representative Mr. Boymelgreen could not testify why it did not respond to the July 8, 2020, EUO letter. Ex. B, Eli Boymelgreen, Dep. at 51:4-6.

14.     When Pinetree did not respond, Underwriters sent a follow up EUO letter on November 23, 2020. Underwriter's follow up EUO letter, a true and correct copy of Underwriters' November 23, 2020, letter is attached as Exhibit E; Ex. B, Eli Boymelgreen, Dep. at 51:7-51:15.

15.     Pinetree's Corporate Representative Mr. Boymelgreen could not testify why it did not respond to the November 23, 2020, Follow Up EUO letter. Ex. B, Eli Boymelgreen, Dep. at 52:23-53:1.

16.     When Underwriters again received no response from Pinetree, Underwriters sent a final closing letter on January 14, 2021, informing Pinetree that due to its non-response, Underwriters presumed it was no longer pursuing its claim. *See* Underwriter's Closing letter dated January 14, 2021, a true and correct copy of Underwriters' Closing Letter is attached as Exhibit F; *See* Ex. B, Eli Boymelgreen, Dep. at 53:2-53:9.

17. In this same letter, Underwriters requested Pinetree contact them if it wished to continue pursuing its claim, and to provide Underwriters with dates for an EUO as well as several documents. *Id*. Pinetree did not respond to Underwriters' closing letter. *Id*.

18. Pinetree's Corporate Representative Mr. Boymelgreen could not testify why it did not respond to the July 8, 2020, EUO letter. Ex. B, Eli Boymelgreen, Dep. at 55:2-5.

19. Instead of responding to Underwriter's EUO requests, Pinetree filed a lawsuit in state court, claiming that the Property sustained damage during Hurricane Irma that was covered under the Policy. Comp., *4539 Pinetree v. Certain Underwriters at Lloyd's London Subscribing to policy B1180D160620/100NC*, (No. 2021-0034210-CA-01).

20. On March 15, 2021, Underwriters removed the lawsuit to this Court. Notice of Removal, *4539 Pinetree, LLC v. Certain Underwriters at Lloyd's London Subscribing to policy B1180D160620/100NC*, (No. 1:21-cv-21010-BB) ECF No. 1.

21. On January 19, 2022, Underwriters filed their Motion for Summary Judgment, and Motion to Strike Plaintiff's Expert Witnesses. Motion for Summary Judgment, *4539 Pinetree v. Certain Underwriters at Lloyd's London Subscribing to policy B1180D160620/100NC*, (No. 1:21-cv-21010-BB) ECF No. 27.

22. On February 1, 2022, Plaintiff filed its Motion for Voluntary Dismissal Without Prejudice, stating "Plaintiff believes that issues raised in Defendant's motion can be cured and addressed outside of the pending lawsuit." This Court entered an Order of Dismissal Without Prejudice that same day. Motion to Dismiss, *4539 Pinetree v. Certain Underwriters at Lloyd's London Subscribing to policy B1180D160620/100NC*, (No. 1:21-cv-21010-BB) ECF No. 32; Order of Dismissal, *4539 Pinetree v. Certain Underwriters at Lloyd's London Subscribing to policy B1180D160620/100NC*, (No. 1:21-cv-21010-BB) ECF No. 33.

23. On September 12, 2022, Plaintiff filed its Complaint in this action, realleging breach of contract against Underwriters. Compl. 2-3, ECF No. 1.

24. On October 17, 2022, the Court entered a Scheduling Order setting several deadlines including deadlines for discovery, expert disclosures and referring the parties to mediation. Order, ECF No. 6.

25. On May 17, 2023, Plaintiff sent its Amended Expert Disclosures identifying John Micali of Allied Building Inspection Services and John Novak of Humble Warrior, Inc. and providing Mr. Micali's written report and an estimate of damages by Humble Warrior Inc.

> 1. John Micali of Allied Building Inspection Services, Inc.
>
> Mr. Micali will testify regarding the cause and the extent of damages reported at the subject property….
>
> 2. John Novak of Humble Warrior, Inc.
>
> Mr. Novak will testify regarding the cause and the extent of physical damage sustained at the property as a result of the loss dated September 10, 2017, and provide expert opinion testimony concerning necessary repairs to bring the property back to its pre-loss condition.

A true and correct copy of Plaintiff's Amended Expert Disclosures is attached hereto as Exhibit G.

26. On September 18, 2023, Underwriters deposed Mr. Micali. A true and correct copy of his deposition transcript is attached hereto as Exhibit H.

27. Underwriters noticed and subpoenaed Mr. Novak's deposition for November 10, 2023. A True and correct copy of the Notice of Deposition is attached hereto as Exhibit I. A true and correct copy of the Subpoena to John Novak is attached hereto as Exhibit J.

-8-

28. On November 10, 2023, Underwriters attempted to depose Mr. Novak; however, Mr. Novack never appeared. A true and correct copy of the Certificate of Non-Appearance is attached hereto as Exhibit K.

This 15th day of December 2023.

**WOOD, SMITH, HENNING & BERMAN LLP**
1230 Peachtree Street, Suite 2350
Atlanta, Georgia 30309
Telephone:  470-552-1152
Fax:  470-552-1151
rzelonka@wshblaw.com
crobertson@wshblaw.com
jhilton@wshblaw.com

/s/Richard E. Zelonka, Jr.
Richard E. Zelonka, Jr.
Florida Bar No.: 0656941

*Counsel for Defendant Certain Underwriters at Lloyd's London Subscribing to Policy B1180D170620/098NC*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing *Certain Underwriters at Lloyd's, London Subscribing to Policy No. B1180D160620/100NC's Statement of Material Facts in Support of its Motion for Summary Judgment* on all parties of record, via CM/ECF as follows:

Brian Wisniewski
Aaron J. Navia
Loss Recovery Law Group, PL
20295 NE 29th Place; Suite 201
Aventura, FL 33180
*brian@losslaw.com*
*aaron@losslaw.com*
*pleadings@losslaw.law*

This 15th day of December 2023.

| | |
|---|---|
| **WOOD, SMITH, HENNING & BERMAN LLP**<br>1230 Peachtree Street, Suite 2350<br>Atlanta, Georgia 30309<br>Telephone:  470-552-1152<br>Fax:  470-552-1151<br>rzelonka@wshblaw.com<br>crobertson@wshblaw.com<br>jhilton@wshblaw.com | */s/Richard E. Zelonka, Jr.*<br>Richard E. Zelonka, Jr.<br>Florida Bar No.: 0656941<br><br>*Counsel for Defendant Certain Underwriters at Lloyd's London Subscribing to Policy B1180D170620/098NC* |