UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:22-22901-CIV-Martinez/Sanchez

4539 PINETREE LLC,

    Plaintiff,

v.

CERTAIN UNDERWRITERS AT
LLOYD'S LONDON Subscribing to
policy B1180D160620/100NC,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND EXPENSES**

This matter is before the Court on Defendant's Motion for Attorneys' Fees and Expenses. ECF No. 75.[1] Having reviewed the motion, Plaintiff's response (ECF No. 79), the pertinent portions of the record in this case and in *4539 Pinetree, LLC v. Underwriters*, Case No. 21-cv-21010-BLOOM/Otazo-Reyes, and the relevant legal authorities, and for the reasons discussed below, the undersigned **RESPECTFULLY RECOMMENDS** that Defendant's Motion for Attorneys' Fees and Expenses be **DENIED WITHOUT PREJUDICE**.

    **I.    PROCEDURAL BACKGROUND**

This is the second time that Plaintiff has filed this action and the third time that Defendant has filed a motion for attorneys' fees and expenses.

**The Prior Action**

Plaintiff initially brought a breach of contract claim against Defendant seeking recovery

---

[1] The Honorable Jose E. Martinez, United States District Judge, referred the Plaintiff's motion to the undersigned for a report and recommendation. ECF No. 76.

under a property insurance policy after allegedly suffering damages during Hurricane Irma. *See 4539 Pinetree, LLC v. Underwriters*, Case No. 21-cv-21010-BLOOM/Otazo-Reyes (the "Prior Action"), PA-ECF Nos. 4 (amended notice of removal), 4-1 (complaint) at 1-85.[2] After Defendant answered the complaint and filed a summary judgment motion, *see* PA-ECF No. 4-1 at 106-10 (answer and affirmative defenses); PA-ECF No. 27 (summary judgment motion), Plaintiff filed a Motion for Voluntary Dismissal Without Prejudice pursuant to Fed. R. Civ. P. 41(a)(2). PA-ECF No. 32. The Court granted that motion and dismissed the case without prejudice. PA-ECF No. 33. Defendant then filed a Motion for Attorneys' Fees and Expenses in the Prior Action, PA-ECF No. 34, and the Court ordered that Plaintiff would be required to "pay Defendant's reasonable fees and costs incurred in this litigation should Plaintiff re-file the action, with the amount to be determined at that time," PA-ECF No. 41 at 2; *see also* PA-ECF No. 40.

**The Present Action**

Plaintiff re-filed its Complaint on September 12, 2022, ECF No. 1, and Defendant subsequently re-filed its Motion for Attorneys' Fees and Expenses, ECF No. 10. Judge Becerra thereafter submitted a Report and Recommendation recommending that the Motion for Attorneys' Fees and Expenses be denied without prejudice as premature due to the pendency of the instant action. ECF No. 19. Judge Martinez affirmed and adopted Judge Becerra's Report and Recommendation and denied the Motion for Attorneys' Fees and Expenses without prejudice. ECF No. 22.

On July 18, 2024, the Court granted Defendant's Motion for Summary Judgment, ECF No. 70, and on July 23, 2024, final judgment was entered in favor of Defendant, ECF No. 71. Plaintiff

---

[2] To distinguish filings in the Prior Action from filings in this case, this report and recommendation will use "PA-ECF No." to cite to filings in the Prior Action.

appealed on August 22, 2024.  ECF No. 72.  On July 2, 2025, the Eleventh Circuit issued an unpublished decision affirming the order that granted summary judgment to Defendant, *see 4539 Pinetree LLC v. Certain Underwriters at Lloyd's London*, Case No. 24-12713 (11th Cir. July 2, 2025), but the mandate has not yet issued.

On September 19, 2024, the Defendant filed the instant Motion for Attorneys' Fees and Expenses.  ECF No. 75.

## II.   ANALYSIS

The Local Rules for this District provide a "mechanism to assist parties in resolving attorneys fee and costs disputes by agreement" and accordingly require parties to follow specific procedures to apply for an award of attorneys' fees and non-taxable expenses.  S.D. Fla. L.R. 7.3(a)-(b).  Before a party files a motion for attorneys' fees and expenses, the moving party must serve a draft motion for attorneys' fees that, among other things, describes "the number of hours reasonably expended by each" timekeeper and "the tasks done during those hours" and "describe[s] and document[s] with invoices all incurred and claimed [non-taxable] fees and expenses."  *Id*.  Following service of that draft motion, "the parties shall confer and attempt in good faith to agree on entitlement to and the amount of fees and [non-taxable] expenses."  S.D. Fla. L.R. 7.3(b).  In addition, the party responding to a motion for attorney's fees and non-taxable expenses shall "describe in writing and with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount."  *Id*.

Here, Plaintiff argues that Defendant's counsel failed to comply with Local Rule 7.3 by failing to provide billing records or descriptions of the work performed by Defendant's attorneys.  *See* ECF No. 79 at 2-3, 5.  Indeed, instead of complying with the Local Rules and describing or documenting the work performed by its attorneys, Defendant offered (within a declaration attached to its motion) to provide billing records for *in camera* review because the appeal in the case is

3

currently pending and because the bills reportedly "contain attorney-client communications and attorney work-product." ECF No. 75-1 at ¶ 16.

Significantly, earlier in this case, Defendant also attempted to bypass the requirements of Local Rule 7.3, similarly offering to submit its billing records for an *in camera* review because the bills reportedly "contain attorney-client communications and attorney work-product." ECF No. 10-1 at ¶ 12. At that time, Judge Becerra declined to allow Defendant to proceed in that manner, explaining that "Defendant's suggested approach leaves Plaintiff unable to assert objections to the reasonableness of defense counsel's time entries, and conflicts with the extensive procedure outlined in Local Rule 7.3 and the conferral process required therein." ECF No. 19 at 3 n.2; *see also* ECF No. 22 (adopting Judge Becerra's Report and Recommendation). Defendant has nonetheless persisted with this approach despite the requirements of Local Rule 7.3 and the Court's prior refusal to approve the *in camera* submission of billing records.

While the Court recognizes that the pertinent billing records may potentially contain privileged information or work product, the Defendant's motion for attorneys' fees and expenses makes it "necessary for Plaintiff to view the billing records to be able to challenge the fees sought for particular activities and . . . necessary for the Court to review [the billing records] to ascertain the reasonableness of any fee request." *Hamilton v. Sheridan Healthcare, Inc.*, No. 13-62008-CIV-COHN/SELTZER, 2015 WL 13541033, at *11 (S.D. Fla. Mar. 4, 2015), *report and recommendation adopted sub nom. Hamilton v. Sheridan Healthcorp, Inc.*, 2015 WL 13540998 (S.D. Fla. Mar. 25, 2015). As Judge Becerra stated in her Report and Recommendation, an *in camera review* "leaves Plaintiff unable to assert objections to the reasonableness of defense counsel's time entries." ECF No. 19 at 3 n.2.

Noncompliance with Local Rule 7.3 is "sufficient reason" to deny a motion for attorneys' fees. *Norych v. Admiral Ins. Co.*, No. 08-60330-CIV, 2010 WL 2557502, at *2 (S.D. Fla. June 23, 2010). The Local "Rules must be strictly enforced in the interests of fairness to the losing party and judicial economy." *J.B. Hunt Transp., Inc. v. S & D Transp., Inc.*, No. 0:11-CV-62096-DIMITROULEAS, 2013 WL 12086281, at *1 (S.D. Fla. Sept. 19, 2013), *aff'd*, 589 F. App'x 930 (11th Cir. 2014). In addition, a "party seeking fees bears the burden 'to submit a request for fees that will enable the court to determine what time was reasonably expended,'" and a failure to submit counsel's billing records can constitute a failure to meet this burden. *Hamilton*, 2015 WL 13541033, at *11 (quoting *Flores v. Wheels America Miami, Inc.*, No. 13-21672, 2014 WL 5473562, at *2 (S.D. Fla. Oct. 28, 2014)).

Here, Defendant's failure to provide a sufficient description of the attorneys' billed tasks or billing records that document that work and Defendant's expenses is in violation of Rule 7.3.[3] Defendant's offer to submit billing records for *in camera* review does not excuse the rule violation. Moreover, as a result of these failures, Defendant's motion also does not provide sufficient information to allow the Court to assess the reasonableness of the requested fees. Given these circumstances, the Defendant's motion should be denied for failure to comply with the Local Rules

---

[3] With respect to expenses, the declaration attached to Defendant's motion includes a list of five expenses and references an "Exhibit A," *see* ECF No. 75-1 at ¶ 15, but no "Exhibit A" and no documentation for those expenses was supplied with Defendant's motion. *See* ECF No. 75. In addition, although Defendant's counsel certifies that he "made a reasonable effort to confer with all parties via emails dated August 21, 2024 and September 10, 2024 . . . but he has been unable to do so," ECF No. 75 at 5, it appears that counsel's effort to confer may also not have been in compliance with Local Rule 7.3. *See* S.D. Fla. L.R. 7.3(a)(8) (requiring certification "that a good faith effort to resolve issues by agreement occurred pursuant to Local Rule 7.3(b)"). On the contrary, the certification accompanying the Defendant's motion never states, as required, that the effort to confer was pursuant to Local Rule 7.3(b) or that Defendant served a draft motion on the Plaintiff as required for conferral pursuant to Local Rule 7.3(b).

5

and for failure to establish the reasonableness of the requested fees. *See, e.g.*, *Hamilton*, 2015 WL 13540998, at *3.

However, Judge Bloom previously determined in the Prior Action that Defendant is entitled to attorneys' fees and expenses, *see* PA-ECF No. 41, and Plaintiff does not dispute that Defendant is entitled to attorneys' fees and expenses pursuant to that Order, *see* ECF No. 79.  The only issue is the proper amount of such fees.  Given these circumstances, given the Defendant's expressed concerns that its billing records would divulge information protected by the attorney-client privilege and work product doctrine during the pendency of Plaintiff's appeal, and given Plaintiff's arguments that resolution of the fees dispute should in any event await resolution of the pending appeal, *see* ECF No. 79 at 2, 7-8, the undersigned recommends that the Court follow the general approach taken in cases such as *Hamilton v. Sheridan Healthcare, Inc.,* No. 13-62008-CIV-COHN/SELTZER, and (1) deny Defendant's Motion for Attorneys' Fees and Expenses, ECF No. 75, without prejudice and (2) allow Defendant to re-file a new motion for attorneys' fees and expenses that complies with all of the requirements of Local Rule 7.3 and that attaches as an exhibit detailed billing records from which privileged information may be redacted if necessary.  Given the procedural posture of this case, the undersigned further recommends that Defendant be required to file its new motion for attorneys' fees and expenses within 45 days after the Eleventh Circuit issues its mandate in the now-decided appeal.

### III.     CONCLUSION

For the foregoing reasons, the undersigned **RESPECTFULLY RECOMMENDS** that the Defendant's Motion for Attorneys' Fees and Expenses, ECF No. 75, be **DENIED WITHOUT PREJUDICE.**  The undersigned further recommends that Defendant be allowed to re-file, within 45 days after the Eleventh Circuit issues its mandate in accordance with Fed. R. App. P. 41, a new motion for attorneys' fees and expenses that complies with all of the requirements of Local Rule

7.3 and that attaches as an exhibit detailed billing records from which privileged information may be redacted by Defendant if necessary.

Within fourteen (14) days from the date of receipt of this Report and Recommendation, the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Jose E. Martinez, United States District Judge. Failing to file timely objections will bar a de novo determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, this 8th day of July 2025.

                                                                                                 EDUARDO I. SANCHEZ
                                                                                                 UNITED STATES MAGISTRATE JUDGE

cc:    Jose E. Martinez
       Counsel of Record